IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. CR 24-0375 JB

SHERYL WILLIAMS STAPLETON, and
JOSEPH JOHNSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on: (i) Defendant Joseph Johnson's Exhibit List, filed July 2, 2026, (Doc. 118)("Exhibit List"); and (ii) the United States' Objection to Defendant Joe Johnson's Trial Exhibit, filed July 9, 2026 (Doc. 129)("Objection"). The Court holds a hearing on July 21, 2026. See Clerk's Minutes at 1, filed July 21, 2026 (Doc. 139)("Clerk's Minutes"); Draft Hearing Transcript of Proceedings at 1 (taken July 21, 2026)(Court)("July, 2026, Tr.").[1] The primary issue is whether the Court should exclude the following handwritten note that Pat Smith writes, on behalf of Defendant Joseph Johnson, to Defendant Sheryl Williams Stapleton:

> 6/16/15
>
> Sheryl
>
> Per Mr. Johnson when you write checks, please send to me a copy of all checks written.
>
> Call me once you receive these.
>
> Have a great week!
>
> Pat!

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Note from Pat Smith to Sheryl Williams Stapleton at 1 (dated June 16, 2016)("Johnson's Proposed Trial Exhibit A")("June 16, 2015, Note"), filed July 9, 2026 (Doc. 129-1).  The Court concludes that it excludes the June 16, 2015, Note as hearsay with no apparent exception, because Johnson does not show that Smith creates the June 16, 2015, Note in the usual course of business.

## ANALYSIS

The Court will not allow Johnson to introduce the June 16, 2015, Note at trial.  On July 2, 2026, Johnson files the Exhibit List.  See Exhibit List at 1.  The first exhibit Johnson offers is Exhibit A, which he describes as a: "Handwritten note to Sheryl Stapleton from Pat Smith Dated June 16, 2015 discussing checks."  Exhibit List ¶ 1, at 1.  On July 9, 2026, Plaintiff United States of America files the Objection.  See Objection at 1.  In the Objection, the United States "objects to the exhibit as hearsay with no apparent exception."  Objection at 1 (citing Fed. R. Evid. 801-803).  Specifically, the United States asserts that the June 16, 2015, Note contains double hearsay, because "it includes an assertion that Joe Johnson said something to Pat, and then the substance of Joe Johnson's assertion itself as communicated through Pat to Sheryl Stapleton."  Objection at 1.  Johnson contends that the June 16, 2015, Note falls within rule 803(6) of the Federal Rules of Evidence's business record exception.  See July, 2026, Tr. at 40:2-41:6 (Moss).  After reviewing rule 803(6) and the applicable case law, the Court concludes that rule 803(6) does not cover the June 16, 2015, Note.

The first issue is whether the June 16, 2015, Note is hearsay.  Other than the phrase "Per Johnson" in the June 16, 2015, Note, all the sentences are directions or orders.  Directives and orders are not hearsay.  See United States v. Ballou, 59 F. Supp. 3d 1038 (D.N.M. 2014)(Browning, J.)("'Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay.'" (quoting United States v. Bellomo,

176 F.3d 580, 586 (2d Cir.1999))).  The Court now turns to the potential second layer of hearsay within the June 16, 2015, Note; specifically, that the June 16, 2015, Note purports to come from Johnson.

Rule 803(6) provides an exception to the hearsay rule for business records if:

(A)    the record was made at or near the time by--or from information transmitted by -- someone with knowledge;

(B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)    making the record was a regular practice of that activity;

(D)    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)    the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).  Business records have an exception; these "'documents have a high degree of reliability because businesses have incentives to keep accurate records.'" United States v. Gwathney, 465 F.3d 1133, 1140 (10th Cir. 2006)("Gwathney")(quoting Timberlake Const. Co. v. U.S. Fidelity & Guar. Co., 71 F.3d 335, 341 (10th Cir.1995)).  To satisfy rule 803(6), the proponent must show the document:

"(1) was prepared in the normal course of business, (2) was prepared at or near the time of the events recorded, (3) is based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant, and (4) indicates the sources, methods and circumstances by which the record was made trustworthy."

United States v. Lynn, No. 25-5027, 2026 WL 1871875, at *3 (10th Cir. June 30, 2026)(quoting United States v. Hatley, 153 F.4th 1112, 1124 (10th Cir. 2025)).  In addition to those four requirements, the proponent of the document must lay a proper foundation for its admission.  See

United States v. Samaniego, 187 F.3d 1222, 1224 (10th Cir.1999).  However, "[n]ot every item of business correspondence constitutes a[n] [admissible] business record," Echo Acceptance Corp. v. Household Retail Svcs., Inc., 267 F.3d 1068, 1091 (10th Cir.2001), in part, because business records are potentially fraught with double hearsay, see Gwathney, 465 F.3d at 1141 ("Moreover, business records are potentially fraught with double hearsay.")

"'Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person.'" Gwathney, 465 F.3d at 1141 (quoting Wilson v. Zapata Off–Shore Co., 939 F.2d 260, 271 (10th Cir.1991)).  "If the person who provides the information is an outsider to the business who is not under a business duty to provide accurate information, then the reliability rationale that underlies the business records exception ordinarily does not apply."  United States v. Blechman, 657 F.3d 1052, 1065 (10th Cir. 2011).  That is why, when an outsider to the business supplies information that an employee incorporates into a business record, the outsider's statement independently must satisfy a hearsay exception to be admissible. See Gwathney, 465 F.3d at 1141.  However, if both declarants that provide information to create a business record are acting in the regular course of business and have a compulsion to provide accurate information, a separate hearsay exception for the double layer is not necessary.  See United States v. Ary, 518 F.3d 775, 787 (10th Cir. 2008)("Ary")(stating that relying on "outside sources" of information to update records does not remove the business records from rule 803(6)); United States v. Gurr, 471 F.3d 144 (D.C. Cir. 2006)(stating that double hearsay "is excepted from the hearsay rule provided both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business")(internal quotations omitted); Petrocelli v. Gallison, 679 F.2d 286, 290 (1st Cir. 1982)(explaining that rule 803(6) "encompasses" statements from "declarants -- like nurses or doctors in the case of hospitals

-- who report to the recordkeeper as part of a regular business routine in which they are participants").

Here, the June 16, 2015, Note does not satisfy rule 803(6). Although neither Johnson nor Smith are outsiders to the business, both are Robotics employees, the record does not establish that Smith prepares the June 16, 2015, Note in the ordinary course of business, at or near the time of the events recorded, and as part of her regular administrative duties. There is no evidence before the Court concerning whether Smith regularly sends handwritten notes on behalf of Johnson nor is there evidence that Robotics keeps regularly the handwritten notes that Smith may take. See July, 2026, Tr. at 40:10-41:6 (Moss)(providing a conclusion statement that the June 16, 2015, note is a "business record so it fell under rule 803(6)").[2] "The essential component of the business records exception is that each actor in the chain of information is under a business duty or compulsion to provide accurate information," and as the record stands before the Court, Johnson does not show Smith is under a compulsion or duty to accurately transcribe and send handwritten notes from Johnson to any other person outside the Robotic organization. Ary, 518 F.3d at 787 (quoting United States v. McIntyre, 997 F.2d 687, 699 (10th Cir. 1993)). Accordingly, the Court sustains the United States Objections and will exclude the June 16, 2015, Note.

**IT IS ORDRED** that: (i) the Note from Pat Smith to Sheryl Williams Stapleton (dated June 16, 2016), filed July 9, 2026 (Doc. 129-1), Exhibit A, on the Defendant Joseph Johnson's Exhibit List, filed July 2, 2026, (Doc. 118), is excluded; and (ii) the United States' Objection to Defendant Joe Johnson's Trial Exhibit, filed July 9, 2026 (Doc. 129), is sustained.

---

[2] Johnson asserts that the United States intends to introduce a similar exhibit. See July, 2026, Tr. at 40:22-41:6 (Moss)(stating the United States intends to introduce a similar email and "what's good for the goose is good for the gander"). The Court will review the exhibit and issue an order on its admissibility following the review.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
  Acting United States Attorney General
Ryan Ellison
  First Assistant United States Attorney
Fred J. Federici, III
Frederick T. Mendenhall, III
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Ryan J. Villa
The Law Office of Ryan J. Villa
Albuquerque, New Mexico

-- and --

Ahmad Assed
Law Office of Ahmad Assed
Albuquerque, New Mexico

*Attorneys for Defendant Sheryl Stapleton*

Nicole Moss
The Law Office of Nicole W. Moss, LLC
Albuquerque, New Mexico

-- and --

Marshall J. Ray
Law Offices of Marshall J. Ray
Albuquerque, New Mexico

*Attorneys for Defendant Joseph Johnson*