**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 24-0375 JB

SHERYL WILLIAMS STAPLETON, and
JOSEPH JOHNSON,

Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER[1]**

**THIS MATTER** comes before the Court on the: (i) United States' Requested Jury Instructions, filed July 9, 2026 (Doc. 127)("Proposed Instructions"); (ii) Defendant Sheryl Stapleon's [sic] Objections to the United States Proposed Jury Instructions [Doc. 127], filed July 16, 2026 (Doc. 133)("Stapleton Objections"); and (iii) Defendant Joseph Johnson's Objections to the United States' Proposed Jury Instructions, filed July 16, 2026 (Doc. 134)("Johnson Objections"). The Court holds a hearing on July 21, 2026. See Clerk's Minutes at 1, filed July 21, 2026 (Doc. 139)("Clerk's Minutes"); Draft Hearing Transcript of Proceedings at 1 (taken July 21, 2026)(Court)("July, 2026, Tr.").[2] The primary issues are whether the Court should: (i) sustain Defendant Sheryl Williams Stapleton's objection to Plaintiff United States of America's proposed Instruction No. 1, which is the United States' proposed preliminary instruction, where it contains details and specific factual circumstances of the alleged conduct; (ii) sustain Johnson's objection

[1] The Court files this Amended Memorandum Opinion and Order ("Amended MOO") to correct arguments made in the Memorandum Opinion and Order, filed July 29, 2026 (Doc. 153)("MOO"), regarding the United States' proposed Instruction No. 1. In addition to those edits, the Court makes stylistic changes throughout the Amended MOO.

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

to the United States' proposed Instruction No. 4, where Johnson argues the instruction does not properly account for both defendants; (iii) sustain Stapleton's objection to the United States' proposed Instruction No. 11, where the instruction refers only to one Defendant; (iv) sustain Stapleton's objection to the United States' proposed Instruction No. 14, where Stapleton argues the United States agrees not to present certain statements made to the Federal Bureau of Investigation ("FBI"); (v) sustain Johnson's objection to the United States' proposed Instruction No. 15, where Johnson alleges the phrase "formal agreement" is confusing;[3] (vi) sustain Stapleton's objection to the United States' proposed Instruction No. 16, where Stapleton alleges, that the term "reward" does not comply with Snyder v. United States, 603 U.S. 1 (2024)("Snyder");[4] (vii) sustain Johnson's objection to the United States' proposed Instruction No. 18, where Johnson alleges the instruction contradicts Snyder; (viii) sustain Stapleton's objection to the United States' proposed Instruction No. 21, where Stapleton alleges the text shifts the burden of proof from the United States to her regarding presumptions the jury can make from a tax form Stapleton signs; (ix) sustain

[3] In Johnson's second Objection, he requests that the Court modify language from the "United States' proposed Instruction No. 4." Johnson Objections ¶ 2, at 1-2. The language Johnson requests the Court modify, however, is not found in proposed Instruction No. 4. See Proposed Instructions at 15. The United States responds to Johnson's second Objection by addressing proposed Instruction No. 15. See United States' Response to Defendant Joseph Johnson's Objections to the United States' Requested Jury Instructions ¶ 2, at 1-2, filed July 20, 2026 (Doc. 136)("Johnson Response"). After reviewing both instructions, the Court determines that Johnson directs his second Objection towards proposed Instruction No. 15 and not proposed Instruction No. 4 that Johnson cites. Accordingly, the Court will refer to proposed Instruction No. 15 when discussing Johnson's second objection.

[4] Stapleton labels her third Objection as "United States Requested Instruction No. 18-Bribery." Stapleton Objections ¶ 3, at 1. As the United States notes, however, the instruction and text to which she refers is the United States' proposed Instruction No. 16. See United States' Response to Defendant Sheryl Stapleton's Objections to the United States' Requested Jury Instructions ¶ 4, at 3-4, filed July 20, 2026 (Doc. 137)("Stapleton Response"). Accordingly, the Court will refer to Stapleton's third Objection as an Objection to the United States' proposed Instruction No. 16 and not to the United States' proposed Instruction No. 18.

Stapleton's objection to the United States' proposed Instruction No. 25, where the United States requests the Court read the Superseding Indictment, filed June 24, 2026 (Doc. 106)("Superseding Indictment"). After reviewing the parties' submissions and the applicable law, the Court concludes that: (i) it sustains Stapleton's objection to United States' proposed Instruction No. 1, where it contains the specific factual circumstances of the alleged conduct, because the Court will not read the United States' lengthy summary of the factual circumstances in the preliminary instructions; (ii) the Court sustains Johnson's objection to United States' proposed Instruction No. 4, where Johnson argues the instruction does not properly account for both defendants, because the language references only one defendant,; (iii) the Court sustains Stapleton's objection to the United States' proposed Instruction No. 11, where the instruction refers to only one Defendant, because the trial involves two Defendants; (iv) the Court sustains Stapleton's objection to the United States' proposed Instruction No. 14, where Stapleton argues the United States agrees not to present certain statements made to the FBI, because the United States concedes the instruction is not necessary unless Johnson testifies; (v) the Court sustains in part Johnson's objection to the United States' proposed Instruction No. 15, where Johnson alleges the phrase "formal agreement" is confusing, because the United States does not need to prove an "express or formal agreement" under 18 U.S.C. § 371; (vi) overrules in part Stapleton's objection to the United States' proposed Instruction No. 16; where Stapleton alleges the term "reward" does not comply with Snyder, because the United States' instruction properly differentiates between rewarded bribes and gifts as rewards; (vii) overrules in part Johnson's objection to the United States' proposed Instruction No. 18, where Johnson alleges the instruction contradicts Snyder, because the instruction properly differentiates between rewarded bribes and gifts as rewards; (viii) overrules in part Stapleton's objection to the United States' proposed Instruction No. 21, where Stapleton alleges the text shifts the burden of proof from the

United States to her, regarding presumptions the jury can make from a tax form Stapleton signs, because the text is drawn from the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit (updated 2026)("Tenth Pattern Jury Instructions"), and is an accurate statement of the law; and (ix) the Court overrules Stapleton's objection to the United States' proposed Instruction No. 25, where the United States requests the Court read the Superseding Indictment, because the Court will read Superseding Indictment as a part of the final jury instructions. Accordingly, the Court sustains in part and overrules in part both the Stapleton Objections and Johnson Objections.

## LAW REGARDING THE ADEQUACY OF THE JURY INSTRUCTIONS

On the level of an individual instruction, the United States Court of Appeals for the Tenth Circuit "review[s] the district court's decision to give or to refuse a particular jury instruction for abuse of discretion." United States v. Bedford, 536 F.3d 1148, 1152 (10th Cir. 2008)(citing United States v. Nacchio, 519 F.3d 1140, 1158 (10th Cir. 2008), vacated in part on other grounds on reh'g en banc, 555 F.3d 1234 (10th Cir. 2009); United States v. McClatchey, 217 F.3d 823, 834 (10th Cir. 2000)). The Tenth Circuit also reviews "for abuse of discretion a district court's shaping or phrasing of a particular jury instruction." United States v. Bedford, 536 F.3d at 1152. In assessing an individual instruction's propriety, "[i]t is not error to refuse to give a requested instruction if the same subject matter is adequately covered in the general instructions." United States v. Miller, 460 F.2d 582, 588 (10th Cir. 1972). See United States v. Smalls, 752 F.3d 1227, 1246 (10th Cir. 2014)(citing and applying United States v. Miller).

When reviewing the instructions' adequacy as a whole, however, the Tenth Circuit's review is de novo. See United States v. Haslip, 160 F.3d 649, 654 (10th Cir. 1998)("We review a district court's decision whether to give a particular jury instruction for abuse of discretion. We

conduct a de novo review to determine whether, as a whole, the instructions themselves correctly stated the applicable law."). This test is whether, "'in the context of the entire trial,'" the instructions "'accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case.'" United States v. Kalu, 791 F.3d 1194, 1200-01 (10th Cir. 2015)(quoting United States v. Thomas, 749 F.3d 1302, 1312 (10th Cir. 2014)). Another way the Tenth Circuit phrases this central inquiry is "whether, considering the instructions as a whole, the jury was misled." United States v. Winchell, 129 F.3d 1093, 1096 (10th Cir. 1997)(citing United States v. Smith, 13 F.3d 1421, 1424 (10th Cir. 1994)).

The Tenth Circuit states that it will reverse only where there is substantial doubt that the district court fairly guides the jury:

> If, as a whole, the instructions correctly state the law and provide the jury with an "intelligent, meaningful understanding of the applicable issues and standards," we will not reverse. *United States v. Laughlin*, 26 F.3d 1523, 1528 (10th Cir. 1994). In other words, reversal is not appropriate unless we have "substantial doubt that the jury was fairly guided." *United States v. Mullins*, 4 F.3d 898, 900 (10th Cir. 1993).

United States v. Winchell, 129 F.3d at 1096. In United States v. Winchell, the Tenth Circuit instructs that, rather than provide juries with a separate instruction about specific intent, the Tenth Circuit prefers the district courts to provide instructions informing juries of the mens rea element for the particular offense and define each element clearly and accurately:

> [A]s we have previously noted, "instructing in terms of 'specific intent' has been disfavored by the courts because of the confusing and ambiguous nature of such an instruction." *Laughlin*, 26 F.3d at 1527 (citing *Liparota v. United States*, 471 U.S. 419, 433 n. 16 . . . (1985)). Instead, we have endorsed instructions which adequately "apprise the jury of the mens rea element of the offense," *id.* at 1527, and which "define each element of the offense clearly and accurately." *Id.* at 1528.

United States v. Winchell, 129 F.3d at 1096-97. "Even when the district court fails to include an element of the crime in the instruction (including a mens rea element), we still apply the harmless

error rule." United States v. Sorensen, 801 F.3d 1217, 1229 (10th Cir. 2015). Although "[a] defendant charged with a specific-intent, federal criminal tax offense can negate the element of willfulness necessary to prove the violation, thereby providing a defense to the conduct charged, if the defendant establishes that he or she sought in good faith to comply with the relevant law," United States v. Lindsay, 184 F.3d 1138, 1140 (10th Cir. 1999)(citing Cheek v. United States, 498 U.S. at 201), "a theory of defense instruction is required only if, without the instruction, the district court's instructions were erroneous or inadequate," United States v. Bowling, 619 F.3d 1175, 1183 (10th Cir. 2010)("Bowling")(quoting United States v. Williams, 403 F.3d 1188, 1195 (10th Cir. 2005)). "While a defendant is entitled to an instruction on his theory of defense where some evidence and the law supports the theory, such an instruction is not required if it would 'simply give the jury a clearer understanding of the issues.'" Bowling, 619 F.3d at 1183-84 (quoting United States v. Williams, 403 F.3d at 1195).

In United States v. Bowling, 343 F. App'x 359 (10th Cir. 2009)(unpublished), a jury found the defendant guilty of bank fraud, a specific intent crime, and the Tenth Circuit initially reverses the defendant's conviction and remands for a new trial, because the judge fails to include a separate good-faith defense instruction. See 343 F. App'x at 364-367.[5] In the unpublished opinion, the

---

[5] United States v. Bowling is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

Tenth Circuit reasons that, while the Tenth Circuit usually requires a theory-of-defense instruction only if the instructions otherwise are erroneous or inadequate, "[i]n fraud cases . . . we treat a defendant's request for a good faith instruction with some differences. A 'defendant is entitled to a good faith instruction when he has interposed the defense of good faith, has requested the instruction, and when there is sufficient evidence to support it.'" United States v. Bowling, 343 F. App'x at 364-365 (quoting United States v. Overholt, 307 F.3d 1231, 1247 (10th Cir. 2002)). Following the filing of the unpublished opinion, the United States then files a petition for rehearing en banc, asking the Tenth Circuit to review its holding in United States v. Hopkins, 744 F.2d 716 (10th Cir. 1984), which requires an additional good-faith defense instruction if sufficient evidence supports the good-faith defense. The Tenth Circuit, sitting by panel, but circulating the opinion to all active members of the Tenth Circuit, grants the United States' request and overturns United States v. Hopkins. See Bowling, 619 F.3d at 1177.

In Bowling, the Tenth Circuit explains its reasoning for departing from its decision in United States v. Hopkins requiring a separate good-faith defense instruction in bank fraud cases:

> [O]ur prior decision in . . . *Hopkins* . . . is overruled for two reasons. First, in the twenty-five years since we issued *Hopkins*, every one of our sister circuits has come to reject the idea that district courts must give a separate "good faith" jury instruction in fraud cases. As they have explained, and we agree, a separate good faith instruction is not necessary "because a finding of the intent to defraud . . . necessarily implies that there was no good faith." *United States v. Chavis*, 461 F.3d 1201, 1209 n.1 (10th Cir. 2006)(cataloguing the views of every other circuit). Second, while we indicated in *Hopkins* that failure to give a good faith instruction was per se reversible error, the Supreme Court has since explained that a "trial court's failure to instruct a jury on all of the statutory elements of an offense is subject to harmless-error analysis." *Mitchell v. Esparza*, 540 U.S. 12, 16 . . . (2003)(per curiam); *see also Neder v. United States*, 527 U.S. 1, 9 . . . (1999)("[A]n instruction that omits an element of the offense does not

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Bowling has persuasive value with respect to a material issue, and assists the Court in its disposition of this Memorandum Opinion and Order.

> necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence."); Fed. R. Crim. P. 52(a).

Bowling, 619 F.3d at 1183 (quoting United States v. Bowling, No. 08-6184, 2009 WL 6854970, at *1 n.1 (10th Cir. Dec. 23, 2009)). See United States v. Kearney, No. CR 19-2848, 2023 WL 5176276, at *26-29 (D.N.M. August 11, 2023)(Browning, J.)(discussing the propriety of the Court's advice-of-counsel defense instruction).

The Tenth Circuit's opinion in United States v. Wolny, 133 F.3d 758 (10th Cir. 1998)("Wolny"), further illuminates the Tenth Circuit's principles regarding defense-theory-related jury instructions. In Wolny, a jury convicts the defendant Boleslaw Wolny of attempted money laundering in violation of 18 U.S.C. § 1956(a)(3)(B). To be found guilty under this statute, the jury must find, among other things, that the defendant "believed [the funds-to-be-laundered] to be the proceeds of specified unlawful activity," and that the defendant intended "to conceal or disguise the nature, location, source, ownership, or control" of those funds. 18 U.S.C. § 1956(a)(3)(B). See Wolny, 133 F.3d at 766. At trial, Wolny requests that the district court give a jury instruction that relates to his defense theories. See 133 F.3d at 766. Specifically, the instruction that Wolny requests

> would have informed the jury that the defense's theory was two-fold: . . . The defense's first theory was the government had not proven that Mr. Wolny believed the proceeds were drug money . . . . The defense's second theory was that the government had not proven that Mr. Wolny intended to conceal 'the nature, source, location, ownership or control' of the currency.

133 F.3d at 766 (quoting Appellant's Br.). The district court does not instruct the jury as Wolny requests, instead providing an instruction that outlines the elements of 18 U.S.C. § 1956(a)(3)(B), which the statute requires the United States to prove beyond a reasonable doubt. See 133 F.3d at 766. Wolny appeals to the Tenth Circuit, arguing that "the district court erred in refusing to give a proposed jury instruction on the theory of the defense." 133 F.3d at 765. His argument relies

on the Tenth Circuit's statement in United States v. Scafe, 822 F.2d 928 (10th Cir. 1987), that, "when a defendant presents evidence supporting a theory of defense, the trial court should refer to that theory and to the testimony bearing on it and submit the issue with an instruction on the applicable law." 822 F.2d at 932.

The Tenth Circuit affirms the district court's decision not to provide the jury with the instruction that Wolny's proffers. See Wolny, 133 F.3d at 765-67. The Tenth Circuit reasons:

> The theory of the defense was simply that the government failed to prove essential elements of the offense. In the instructions given, the district court informed the jury about the elements of the offense and about the government's burden of proving each element beyond a reasonable doubt. *See id.* at 29, 31 (instrs. nos. 12, 14). Mr. Wolny's proposed instruction did not concern an affirmative defense, of which the district court did not apprise the jury. Because "the substance of [the proposed] instruction was contained in the charge given to the jury," *United States v. Pinto,* 838 F.2d 426, 436 (10th Cir.1988), Mr. Wolny was not entitled to a separate instruction on the theory of the defense.

Wolny, 133 F.3d at 766. As for United States v. Scafe's statement that, "when a defendant presents evidence supporting a theory of defense, the trial court should refer to that theory and to the testimony bearing on it," 822 F.2d at 932, the Tenth circuit in Wolny determines that this statement "is dicta," because, in United States v. Scafe, the Tenth Circuit "held that the evidence did not support the theory of the defense and that, therefore, no instruction on that theory was required" and therefore there was "no occasion to consider how a particular 'theory of the defense' instruction should be worded," Wolny, 133 F.3d at 766 (quoted material not cited, but presumably United States v. Scafe, 822 F.2d at 932). Instead, the Tenth Circuit in Wolny notes:

> Rather, consistent with the discretion district judges have in wording instructions, *see* [United States v.] *Grey,* 56 F.3d [1219,] . . . 1222 [(10th Cir. 1995)], we have rejected attempts to require "instructions [that] are essentially summaries of the evidence in the light most favorable to the defense, summaries [that are] more appropriate for closing argument." [United States v.] *Davis,* 953 F.2d [1482] at 1492 [(10th Cir. 1992)]. Mr. Wolny's proposed instruction was such a summary.

Wolny, 133 F.3d at 766 (second brackets in Wolny). The Tenth Circuit concludes that, "taken as a whole, the instructions accurately apprised the jury of the issues and the governing law. We disagree with Mr. Wolny that the instructions contained errors that his proposed instruction would have cured." 133 F.3d at 767. See Wolny 133 F.3d at 765 ("A 'theory of the defense' instruction is not required if it would simply give the jury a clearer understanding of the issues." (quoting United States v. Grey, 56 F.3d 1219, 1222 (10th Cir. 1995))). See United States v. Williamson, No. CR 11-2784, 2013 WL 1658021, at *16 (D.N.M. March 20, 2013)(Browning, J.)(analyzing whether a set of jury instructions accurately stated the relevant law's elements).

## ANALYSIS

In the Stapleton Objections and the Johnson Objections, Stapleton and Johnson (collectively the "Defendants") make nine Objections to the Proposed Instructions. The Court sustains in part and overrules in part the Stapleton Objections and the Johnson Objections. First, the Court sustains Stapleton's Objection to United States' proposed Instruction No. 1, because the Court will not read as a preliminary instruction the United States' summary of the factual circumstances. Second, the Court sustains Johnson's Objection to United States' proposed Instruction No. 4, because there are two Defendants and the instruction only accounts for one. Third, the Court sustains Stapleton's Objection to the United States' proposed Instruction No. 11, because the instruction does not account for the multiple Defendants in this case. Fourth, the Court sustains Stapleton's Objection to the United States' proposed Instruction No. 14, because the United States concedes the instruction is not necessary unless Johnson testifies. Fifth, the Court sustains in part Johnson's Objection to United States' proposed Instruction No. 15, because 18 U.S.C. § 371 does not require an "express or formal agreement." Sixth, the Court overrules in part Stapleton's Objection to the United States' proposed Instruction No. 16, because the instruction properly differentiates between

rewarded bribes and gifts as rewards. Seventh, the Court overrules in part Johnson's Objection to the United States' proposed Instruction No. 18, because the instruction properly differentiates between rewarded bribes and gifts as rewards. Eighth, the Court overrules in part Stapleton's Objection to the United States' proposed Instruction No. 21, because the text is drawn from the Tenth Pattern Jury Instructions and is an accurate statement of the law. Finally, the Court overrules Stapleton's Objection to the United States' proposed Instruction No. 25, because the Court will read Superseding Indictment as a part of the final jury instructions. The Court discusses each of the Objections below in turn.

## I. IN PROPOSED INSTRUCTION NO. 1, THE COURT WILL NOT READ THE UNITED STATES' SUMMARY OF THE FACTS TO THE JURY AS A PRELIMINARY INSTRUCTION.

In the Stapleton Objections, Stapleton "objects to the United States Requested Instruction No. 1 because it identifies the specific factual circumstances of the allegations against her." Stapleton Objections ¶ 1, at 1. The United States responds that this preliminary instruction is based on the Tenth Pattern Jury Instructions 1.01. See Stapleton Response ¶ 1, at 1. In "1.01 Preliminary Instructions Before Trial," the Tenth Pattern Jury Instructions states: "The indictment charges the defendant with [read or summarize the indictment e.g.: having intentionally sold heroin]." Tenth Pattern Jury Instructions 1.01, at 2. Because the Tenth Pattern Jury Instructions states to summarize the indictment, the United States' proposed Instruction No. 1 contains a summary of the twenty-two-page indictment. See Stapleton Response ¶ 1, at 1-2. The Court agrees with the United States that, for preliminary jury instructions, a summary of the Superseding Indictment is adequate, but the Court does not think that it should be stating the United States' facts to the jury in a preliminary jury instruction after sending a detailed special jury questionnaire shortly after reading the statement of the case in voir dire, and shortly before the United States' opening statements. The Court usually

tells the jury the Superseding Indictment's charges, and the Court will do the same here, partially because there are so many charges. Accordingly, the Court sustains Stapleton's Objection to United States' proposed Instruction No. 1, because the Court will not read as a preliminary instruction the United States' summary of the factual circumstances.

## II. THE COURT MODIFIES PROPOSED INSTRUCTION NO. 4 TO ACCOUNT FOR MULTIPLE DEFENDANTS.

In the Johnson Objections, Johnson objects to the United States' proposed Instruction No. 4. See Johnson Objections ¶¶ 1-2, at 1-2. Johnson states that "proposed Instruction No. 4 should be modified to account for the existence of multiple defendants." Johnson Objections ¶ 1, at 1. The United States agrees with Johnson's Objection. See Johnson Response ¶ 1, at 1 ("Instruction 4 should be modified to account for multiple defendants."). The Court agrees with the parties' observations. Accordingly, the Court sustains Johnson's Objection to proposed Instruction No. 4.

## III. THE COURT MODIFIES PROPOSED INSTRUCTION NO. 11 TO ACCOUNT FOR BOTH DEFENDANTS.

In the Stapleton Objections, Stapleton objects to the United States' proposed Instruction No. 11. See Stapleton Objections ¶ 2, at 1. Stapleton objects because the instruction "should be modified to a plural version since there are two defendants." Stapleton Objection ¶ 2, at 1. The United States agrees with Stapleton's objection. See Stapleton Response ¶ 2, at 2 ("Defendant Stapleton is correct that Instruction 11 should be modified."). The Court agrees with the parties' observations. Accordingly, the Court sustains Stapleton's objection to proposed Instruction No. 11.

## IV. ON PROPOSED INSTRUCTION NO. 14, THE UNITED STATES CONCEDES TO THE OBJECTION.

In the Stapleton Objections, Stapleton objects to the United States' proposed Instruction No. 14. See Stapleton Objections ¶ 3, at 1. Stapleton objects, because, at "the *James* hearing, the

government indicated it would not introduce" Johnson's statements to the FBI. Stapleton Objections ¶ 3, at 1. The United States responds that "Defendant Stapleton is correct that the United States informed the Court at the *James* hearing that 'the United States is not intending to use [Defendant Johnson's statement to the FBI concerning Defendant Stapleton] in its case-in-chief.'" Stapleton Response ¶ 3, at 2-3 (quoting February, 2025, Tr. at 38)(alterations in Stapleton Response). The United States notes, however, that, at the *James* hearing, it left open the possibility of introducing those statements "if Mr. Johnson testifies" and, because of that potentiality, "the United States included proposed Instruction No. 14." Stapleton Response ¶ 3, at 3. The Court will sustain Stapleton's objection to proposed Instruction No. 14, because the United States concedes that the instruction is presently unnecessary. See Stapleton Response ¶ 3, at 3 ("For this reason, Instruction 14 may not be needed at trial."). If Johnson testifies, however, the Court will revisit this determination and decide whether proposed Instruction No. 14 is warranted in light of the changed circumstances.

## V. AS TO PROPOSED INSTRUCTION NO. 15, A JURY CAN UNDERSTAND THE PHRASE "FORMAL AGREEMENT".

In the Johnson Objections, Johnson objects to the United States' proposed Instruction No. 15. See Johnson Objections ¶ 2, at 2. Johnson objects because the "reference to 'formal agreement' is confusing." Johnson Objections ¶ 2, at 2 (quoting Proposed Instructions at 29). Johnson continues by alleging that the reference to "agreements" and "formal agreements" "potentially invites the jury to find a conspiracy without finding an agreement." Johnson Objections ¶ 2, at 2.

The United States responds that Johnson challenges a "venerable and long-established proposition of the law" that the government need to prove the existence of a formal agreement as an element of a conspiracy. Johnson Response ¶ 2, at 2-3 (citing Am. Tobacco Co. v. United States, 328 U.S. 781, 809 (1946)("No formal agreement is necessary to constitute an unlawful conspiracy.

Often crimes are a matter of inference deduced from the acts of the person accused and done in pursuance of a criminal purpose.”)). The United States further observes that the language to which Johnson objects comes directly from the United States Court of Appeals for the Fifth Circuit’s Pattern Jury Instructions (Criminal Cases) § 2.15B, at 136-37 (“Fifth Circuit Pattern Jury Instruction”). See Johnson Response at 2. To remedy the ambiguity that concerns Johnson, the United States proposes adding the following language from United States v. Suntar Roofing, Inc., 897 F.2d 469, 474 (10th Cir. 1990):

> While a conspiracy involves an agreement to violate the law, it is not necessary that the persons charged meet each other and enter into an express or formal agreement, or that they stated in words or writing what the scheme was or how it was to be effected. It is sufficient to show that they tacitly came to a mutual understanding to allocate customers.
>
> The agreement may be shown by a concert of action by members who participate with knowledge of the common purpose. Direct proof of a conspiracy may not be available, and the common purpose and plan may be disclosed only by the circumstances and acts of the members, such as their course of dealings.

897 F.2d a 474. In United States v. Suntar Roofing, Inc., the Tenth Circuit affirms these instructions as “adequately set[ting] forth the law of this circuit” for “what constitutes an ‘agreement.’” 897 F.2d at 474. The Court agrees with the United States proposal and will replace

> The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Proposed Instructions at 29, with the following:

> While a conspiracy involves an agreement to violate the law, it is not necessary that the persons charged meet each other and enter into an express or formal agreement, or that they stated in words or writing what the scheme was or how it was to be effected. It is sufficient to show that they tacitly came to a mutual understanding to defraud the United States by interfering with and obstructing the

lawful government functions of the U.S. Department of Education.

> The agreement may be shown by a concert of action by members who participate with knowledge of the common purpose. Direct proof of a conspiracy may not be available, and the common purpose and plan may be disclosed only by the circumstances and acts of the members, such as their course of dealings.

Accordingly, the Court sustains in part Johnson's objection to proposed Instruction No. 15 and modifies the language to clarify the meaning of an "agreement."

## VI. THE COURT OVERRULES IN PART THE STAPLETON OBJECTION TO PROPOSED INSTRUCTION NO. 16.

In the Stapleton Objections, Stapleton objects to language from three elements in the United States' proposed Instruction No. 16. See Stapleton Objections ¶ 4, at 1-2. First, she objections to the first element's inclusion of "'such as the Albuquerque Public Schools." Stapleton Objections ¶ 4, at 1 (quoting Proposed Instructions at 30). Second, Stapleton objects to the "term 'or reward'" in the third element, because it does not comply with Snyder. Stapleton Objections ¶ 4, at 1-2. Finally, she objects to the term "'or rewarded'" in the fifth element on the same grounds. Stapleton Objections ¶ 4, at 1-2. The Court will address objections to the third and fifth elements together after resolving the objection to the first element.

### A. THE COURT MODIFIES PROPOSED INSTRUCTION NO. 16, SEPERATING ELEMENT ONE INTO ADDITIONAL ELEMENTS.

The Court does not remove the phrase "such as Albuquerque Public Schools" from the Proposed Instruction's element one, but the Court modifies the element. Proposed Instruction at 30. Stapleton objects to the inclusion of Albuquerque Public Schools in the first element, because the instruction "provides the jury the evidence to support the element." Stapleton Objection at 1. In response the United States asserts that the "language to which Defendant Stapleton objects comes directly from the Seventh Circuit's pattern instruction . . . . But the United States does not object if Defendant Stapleton wishes that language to be removed." Stapleton Response at 4. After

reviewing the Fifth Pattern Jury Instructions, the William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 66(a)(1)(B) Accepting A Bribe -- Elements, at 300-303 (2023)("Seventh Pattern Jury Instructions"), and the Eleventh Circuit's Criminal Pattern Jury Instructions § O24.1 (last revised December 2025)("Eleventh Pattern Jury Instructions"), the Court concludes that removing the language is not appropriate. Based upon its review, the Court proposes the following text:

> Defendant Stapleton is charged in Counts 2 through 6 of the indictment with violations of 18 U.S.C. § 666(a)(1)(B).
>
> This law makes it a crime for a public official to accept a bribe.
>
> To find Defendant Stapleton guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:
>
> *First*: That Ms. Stapleton was an agent of Albuquerque Public Schools;
>
> *Second*: That the Albuquerque Public Schools was a local government organization that received, in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant;
>
> *Third*: Ms. Stapleton corruptly accepted or agreed to accept for the benefit of any person from Mr. Johnson with the intent to be influenced or rewarded her in connection with any business, transaction or series of transactions of such Albuquerque Public Schools;
>
> *Fourth*: That the business transaction or series of transactions involved anything of value for $5,000 or more.
>
> A person acts corruptly when that person acts with the intent that something of value is given or offered to influence or reward an agent of a government or government agency in connection with the agent's official duties.
>
> The term "intent to be influenced or rewarded" means that the defendant must have had a specific intent to act on a person's behalf in exchange for a thing of value received from a person in connection with some business, transaction, or series of transactions of the government agency. This statute does not criminalize accepting or agreeing to accept gifts with no intent to act on a person's behalf in exchange for the thing of value.
>
> Even if payment of the thing of value is provided after the defendant acts on

> the person's behalf, or is to be provided after defendant acts, the defendant actions are consistent with the "intent to be influenced or rewarded" so long as she accepted or agreed to accept the thing of value in exchange for her actions in connection with some business, transaction, or series of transactions of the government agency.
>
> The defendant acts with the "intent to be influenced or rewarded" even if she would have taken the same action, anyway, so long as the defendant accepted or agreed to accept the thing of value in exchange for her action in connection with some business, transaction, or series of transactions of the government agency.

Accordingly, the Court overrules in part Stapleton's objection to the phrase "such as Albuquerque Public Schools" in element one of the proposed Instruction No. 16.

**B. THE COURT DOES NOT REMOVE "REWARD" FROM PROPOSED INSTRUCTION NO. 16.**

The Court concludes that Snyder does not prohibit the use of "reward" in § 666(a)(1)(B)'s jury instructions. Stapleton objects to elements three and five of the Proposed Instructions, because the instructions allegedly do not comply with Snyder. See Stapleton Objections ¶ 4, at 1-2. Specifically, Stapleton alleges that the term "or reward" goes against the Supreme Court of the United States of America's guidance concerning § 666(a)(1)(B)'s breadth. Stapleton Objections ¶ 4, at 1-2. The United States responds that Stapleton is "mistaken" and that Snyder does not say "to remove the statutory term 'reward' from the instruction." Stapleton Response ¶ 4, at 4. The Court determines that the United States' reading of Snyder is correct and that the use of the word "reward" does not conflict with Supreme Court guidance.

The question in Snyder is whether § 666 "makes it a crime for state and local officials to accept *gratuities* . . . that may be given as a token of appreciation after the official act." 603 U.S. at 5 (italics in the original). The Supreme Court answers "no." Snyder, 603 U.S. at 5. In coming to that answer, the Supreme Court differentiates between "gifts," like commonplace gratuities, and bribes, which "are payments made or agreed to *before* an official act." Snyder, 603 U.S. at 5 (italics in the original). The important distinction between a bribe and a gift is that for the former

"the official ha[s] a corrupt state of mind" and accepts "the payment intending to be influenced in the official act." Snyder, 603 U.S. at 11.

The United States in Snyder argues that notwithstanding the distinction between a bribe and gift, § 666 reaches gifts. See Snyder, 603 U.S. at 18. According to the United States, "Congress would not have added the term 'rewarded' to 'influenced' in § 666 if the statute were meant to cover only bribes and not also gratuities." Snyder, 603 U.S. at 18 (quoting 18 U.S.C. § 666). The Supreme Court responds that this argument is "misconceived," because "the word 'rewarded'" in isolation could be either a gift or a bribe, but the context of the statute resolves that ambiguity. Snyder, 603 U.S. at 18 (quoting 18 U.S.C. § 666). For the Supreme Court, that context is the word "corruptly," which signals § 666 concerns a bribery state of mind. Snyder, 603 U.S. at 18 ("The bribery statute for federal officials, § 201(b), uses the term 'corruptly.' But the gratuities statute for federal officials, § 201(c), does not. The term 'corruptly' therefore signals that § 666 is a bribery statute."). Finally, the Supreme Court explains why § 666's use of the word "rewarded" is not unfounded:

> Contrary to the premise of the Government's argument, moreover, bribery statutes sometimes use the term "reward" . . . . The term "rewarded" closes off certain defenses that otherwise might be raised in bribery cases. Consider a bribe where the agreement was made before the act but the payment was made after the act. An official might try to defend against the bribery charge by saying that the payment was received only after the official act and therefore could not have "influenced" the act. By including the term "rewarded," Congress made clear that the timing of the agreement is the key, not the timing of the payment, and thereby precluded such a potential defense.
>
> And think about the official who took a bribe before the official act but asserts as a defense that he would have taken the same act anyway and therefore was not "influenced" by the payment. To shut the door on that potential defense to a § 666 bribery charge, Congress sensibly added the term "rewarded."
>
> So even if "influenced" alone might have covered the waterfront of bribes, adding "rewarded" made good sense to avoid potential ambiguities, gaps, or loopholes. Congress commonly writes federal statutes, including bribery statutes,

> in such a belt and suspenders manner. Here, the term "rewarded" does not transform § 666 into a gratuities statute.

Snyder, 603 U.S. at 18-19 (quoting 18 U.S.C. § 666).

Here, the United States' proposed Instruction No. 16 does not conflate "rewards" that are bribes with "rewards" that are gifts. Moreover, the inclusion of the word "reward," contrary to Stapleton's position, provides the jury guidance on avoiding the "potential ambiguities, gaps, or loopholes" that the word "influenced" alone may create. Snyder, 603 U.S. at 19. Accordingly, the Court overrules Stapleton's objection to proposed Instruction No. 16 concerning the use of "rewarded."

## VII. THE COURT OVERRULES IN PART THE JOHNSON OBJECTION TO PROPOSED INSTRUCTION NO. 18.

In the Johnson Objection, Johnson objects to the United States' proposed Instruction No. 18. See Johnson Objection ¶ 3, at 2. Johnson objects, because the instruction "contradicts the principles outlined in *McDonnell v. United States*, 579 U.S. 550 and Snyder v. United States, which limited the definition of official acts, and distinguish between bribes and gratuities." Johnson Objection ¶ 3, at 2 (italics in the original). First, the United States responds that it "chose to submit the Seventh Circuit's pattern jury instructions to this Court precisely because the Seventh Circuit's instructions have been revised to account for the Supreme Court's decision" in Snyder. Johnson Objections ¶ 3, at 5. As for McDonnell v. United States, 579 U.S. 550 (2016)("McDonnell"), the United States says "the limiting language it has proposed in the United States' requested Instruction 17 comes from the Supreme Court" in McDonnell. Johnson Objections ¶ 3, at 5. As the Court explains above, the use of the term "rewarded" does not conflict with Snyder's guidance. See Proposed Instructions at 34. The Court nevertheless agrees with Johnson that the Courd should instruct the jury that gratuities do not fall within § 666(a)(2)'s scope. The Court also agrees that

the statutory text does not support the proposed Instruction No. 18's inclusion of the phrase "official act." The Fifth Pattern Jury Instruction, Seventh Pattern Jury Instructions, and Eleventh Pattern Jury Instructions support that conclusion, none of which includes the phrase "official act."

The United States appears to draw the language in proposed Instruction No. 18 from Snyder. See 603 U.S. at 18-19. This language appropriately instructs the jury on the distinction between a bribe and a gratuity, which the statute does not criminalize. The proposed Instruction No. 18's reference to an "official act," however, finds no support in § 666's text. In Snyder, the Supreme Court looks to 18 U.S.C. §§ 201(b) and 201(c) to discern Congress' intent in enacting § 666(a)(1)(B). See Snyder, 603 U.S. at 18 ("Congress modeled the text of § 666(a)(1)(B) for state and local officials on § 201(b), the bribery provision for federal officials."). That comparison necessarily involves § 201's language, which, unlike § 666, expressly defines the term "official act." See 18 U.S.C. § 201(a)(3). Section 201(a)(3) provides: "[T]he term 'official act' means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit." 18 U.S.C. § 201(a)(3). The Supreme Court's references to "official acts" therefore arise from its reliance on § 201 as an interpretive aid and not from § 666's language. Indeed, § 666 contains no reference to "official acts." 18 U.S.C. § 666. That omission is consistent with the statutes' differing scope. Whereas § 201 governs bribery involving "public officials," § 666 reaches theft and bribery "concerning programs receiving federal funds," extending beyond public officials to encompass "an agent of an organization, or of a State, local, or Indian tribal government, or any agency." 18 U.S.C. § 666(a)(1). From that difference in scope, it follows that Congress describes the conduct it prohibits in broader terms, criminalizing corrupt conduct undertaken "in connection with any business, transaction, or series of transactions

of such organization, government, or agency." 18 U.S.C. § 666(a)(1)(B). The criminal pattern jury instructions for 18 U.S.C. § 666(a)(2) that the Fifth, Seventh, and Eleventh Circuits adopt reflect this understanding. None incorporates an "official act" requirement. Rather, each track Congress' broader formulation by focusing on whether the defendant acted in connection with the business or transactions of the relevant organization or governmental entity. See Fifth Pattern Jury Instructions § 2.33C, at 183 (using the phrase "acting on the defendant's behalf"); Seventh Pattern Jury Instructions § 666(a)(2), at 304 (stating the defendant intends to influence or reward "in connection with some business, transaction, or series of transactions of the [organization; government; government agency]"); Eleventh Pattern Jury Instructions § O24.3 (stating the defendant acts "with the intent to influence or reward [the agent] in connection with any business, transaction, or series of transactions of [entity's name]"). Accordingly, the Court overrules in part Johnson's objection and proposes the following modification:

> Defendant Johnson is charged in Counts 7 through 11 of the indictment with violations of 18 U.S.C. § 666(a)(2). This law makes it a crime to pay or offer to pay a public official a bribe.
>
> *First*: Mr. Johnson gave, offered, or agreed to give a thing of value to another person;
>
> *Second*: Mr. Johnson did so corruptly with the intent to influence or reward an agent of a local government, or another agency thereof in connection with some business transaction, or series of transactions of the local government or government agency;
>
> *Third*: That this business transaction, or series of transactions involved a thing with a value of $5,000 or more; and
>
> *Fourth*: That the local government or agency, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, a contract, subsidy, loan, guarantee, insurance or any other assistance.
>
> A person acts corruptly when that person acts with the intent that something of value is given or offered to influence or reward an agent of a government or

> government agency in connection with the agent's official duties.
>
> A defendant acts with the "intent to influence or reward" if he gave, offered or agreed to give a thing of value in exchange for an act in connection with some business, transaction or series of transactions of the government or government agency. This statute does not criminalize giving, offering, or agreeing to give gifts with no intent to influence an act on a person's behalf in exchange for the thing of value.
>
> Even if payment of the thing of value is provided after the defendant acts on the person's behalf, or is to be provided after defendant acts, the defendant actions are consistent with the "intent to influence or reward" so long as he gives, offers, or agrees to give the thing of value in exchange for her actions in connection with some business, transaction, or series of transactions of the government agency.
>
> The defendant acts with the "intent to influence or reward" even if the agent would have taken the same actions anyway, so long as the defendant gave, offered or agreed to give the thing of value in exchange for the act in connection with some business, transaction or series of transactions of the government or government agency before the agent acted. If the agent has acted before the defendant gave, offered or agreed to give the thing of value, then the defendant did not act with the "intent to reward."

The modification that the Court proposes addresses Johnson's concerns with both Snyder, by stating § 666(a)(2) does not cover gratuities, and McDonnell, by removing the "official act" language. As a consequence, the United States's proposed Instruction No. 17 is no longer necessary.

## VIII. PROPOSED INSTRUCTION NO. 21 IS NOT UNCONSTITUTIONAL.

Stapleton objects to the United States' proposed Instruction No. 21. See Stapleton Objections ¶ 5, at 2. First, she argues that the Court should strick the second half of the second element, because the language "unfairly provides the evidence that supports this element." Stapleton Objections ¶ 5, at 2. Finally, she argues that the "third to last paragraph concerning the signature on the tax return unconstitutionally shifts the burden of proof to the defendant." Stapleton Objections ¶ 5, at 2. The United States responds that the language Stapleton objects to comes from the Tenth Pattern Jury Instructions. See Stapleton Response ¶ 5, at 4-6. After reviewing the Tenth Pattern Jury Instructions, Fifth Pattern Jury Instructions, Seventh Pattern Jury Instructions, and

Eleventh Pattern Jury Instructions, the Court concludes that the United States' position more accurately reflects the law. Accordingly, the Court overrules Stapleton's objection in part, and the Court proposes the following modification:

> To find Ms. Stapleton guilty of the crime of Fraud and False Statements you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: That Ms. Stapleton signed an income tax return that contained a written declaration that it was made under the penalties of perjury;
>
> *Second*: The return contained a false statement that she had zero taxable income, whereas, as she knew, she had received income from Robotics;
>
> *Third*: Ms. Stapleton knew that statement was false;
>
> *Fourth*: Ms. Stapleton acted willfully, that is, with the voluntary intent to violate a known legal duty;
>
> *Fifth*: The statement was material; and
>
> *Sixth*: Ms. Stapleton filed or caused someone to file the income tax return with the Internal Revenue Service.
>
> The tax return must be false as to the matter stated in indictment. The government, however, is not required to prove that the defendant owed any additional tax for the year in question. A monetary loss to the government is not an element of this crime.
>
> The fact that an individual's name as signed to a return shall be prima facie evidence for all purposes that the return was actually signed by the defendant, which is to say unless and until out weighed by evidence in the case which leads the jury to a different or contrary conclusion, the presumption is that a filed tax return was in fact signed by the person whose name appears to be signed on the return.
>
> If you find proof beyond a reasonable doubt that the defendant signed her tax return, you may, but are not required to, find that the defendant knew of the false matter in the return.
>
> A statement is material under this law if it concerned a matter necessary to the correct computation of taxes owed and was capable of influencing the decision of the Internal Revenue Service.

**IX. AS TO PROPOSED INSTRUCTION NO. 25, THE COURT WILL READ THE**

**SUPERSEDING INDICTMENT.**

Finally, Stapleton objects to the United States' proposed Instruction No. 25. See Stapleton Objections ¶ 1, at 1. Specifically, Stapleton requests that the "Court read a limited version of the indictment which just identifies the counts charged, not the specific nature of the factual allegations supporting each count." Stapleton Objections ¶ 1, at 1. The United States responds that the "entirety of the superseding indictment should be read to the jurors. To determine whether the defendants are guilty of the allegations and charges in the superseding indictment, the jury has to be fully informed of what those allegations and charges are." Stapleton Response ¶ 1, at 2. The Court agrees with the United States and will read the full Superseding Indictment at the conclusion of the trial to fully inform the jury before they begin their deliberations. If, as the trial develops, the United States does not want it all read, the Court will consider reading a limited version. Accordingly, the Court overrules Stapleton's objection to the proposed Instruction No. 25.

**IT IS ORDRED** that: (i) Defendant Sheryl Stapleon's [sic] Objections to the United States Proposed Jury Instructions [Doc. 127], filed July 16, 2026 (Doc. 133), are sustained in part and overruled in part; (ii) Defendant Joseph Johnson's Objections to the United States' Proposed Jury Instructions, filed July 16, 2026 (Doc. 134), are sustained in part and overruled in part; and (iii) United States' Requested Jury Instructions, filed July 9, 2026 (Doc. 127), are modified as set for in the Amended Memorandum Opinion and Order.



UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
Acting United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Fred J. Federici, III
Frederick T. Mendenhall, III
Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Ryan J. Villa
The Law Office of Ryan J. Villa
Albuquerque, New Mexico

-- and --

Ahmad Assed
Law Office of Ahmad Assed
Albuquerque, New Mexico

*Attorneys for Defendant Sheryl Williams Stapleton*

Nicole Moss
The Law Office of Nicole W. Moss, LLC
Albuquerque, New Mexico

-- and --

Marshall J. Ray
Law Offices of Marshall J. Ray
Albuquerque, New Mexico

*Attorneys for Defendant Joseph Johnson*