**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 24-0375 JB

SHERYL WILLIAMS STAPLETON and
JOSEPH JOHNSON,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants Sheryl Williams Stapleton's and Joseph Johnson's oral objections to Plaintiff United States of America's exhibits: Ex. 260, Ex. 261, Ex. 262, Ex. 263, Ex. 264, Ex. 265, Ex. 266, Ex. 267, Ex. 268, and Ex. 269 (the "Exhibits"). The primary issue is whether the Exhibits are admissible as substantive evidence under rule 1006 of the Federal Rules of Evidence, such that the jury may take them into deliberation, or are illustrative aids rule 107 of the Federal Rules of Evidence governs. After hearing the parties' arguments and reviewing the applicable law, the Court concludes that: (i) it admits Ex. 260, Ex. 261, Ex. 262, Ex. 263, Ex. 264, Ex. 265, Ex. 266, Ex. 267, and Ex. 268 ("Substantive Exhibits"), under rule 1006; and (ii) the Court does not admit Ex. 269, under rule 1006. Accordingly, the Court sustains in part and overrules in part the Defendants' oral objections to the Exhibits.

**ANALYSIS**

The Court concludes that the Substantive Exhibits satisfy rule 1006's requirements for admission and that Ex. 269 does not satisfy rule 1006's requirements. The Defendants object to the admission of the Exhibits under rule 1006, arguing that the United States can show the Exhibits to the jury under rule 107, but they cannot be admitted under rule 1006. The United States responds

that the Exhibits summarize the underlying bank accounts, and the bank records are too voluminous for the jury to calculate the totals with. The Court agrees with the United States' position regarding the Substantive Exhibits, but the Court disagrees regarding Ex. 269, because this chart appears to serve an editorial purpose or does not summarize underlying documents.

"The Federal Rules of Evidence provide two ways for a party to use summary charts at trial." United States v. Ortiz-Orellana, 90 F.4th 689, 699 (4th Cir. 2024)("Ortiz-Orellana"), cert. denied, 145 S. Ct. 1890 (2025). The first method is under rules 1006 which states:

> **(a) Summaries of Voluminous Materials Admissible as Evidence.** The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence.
>
> **(b) Procedures.** The proponent must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.
>
> **(c) Illustrative Aids Not Covered.** A summary, chart, or calculation that functions only as an illustrative aid is governed by Rule 107.

Fed. R. Evid. 1006. The jury can consider rule 1006 summary charts as "substantive evidence." Fed. R. Evid. 1006 Advisory Committee Notes on 2024 Amendment ("Rule 1006 summaries must be admitted as substantive evidence and the rule has been amended to clarify that a party may offer a Rule 1006 summary 'as evidence.'"). Rule 1006 requires summaries to be "accurate and nonprejudicial." United States v. Fahnbulleh, 752 F.3d 470, 479 (D.C. Cir. 2014). See United States v. Flaming, 133 F.4th 1011, 1031-32 (10th Cir. 2025)(rejecting the argument that the United States "'cherry pick[ed]' from the underlying data," because the witness testifies that "the summaries were 'true and accurate depictions of the data'"); United States v. Milkiewicz, 470 F.3d 390, 396(1st Cir. 2006)("The proponent must show that the voluminous source materials are what

the proponent claims them to be and that the summary accurately summarizes the source materials."); United States v. Mccomber, No. 24-4376, 2026 WL 266808, at *5 (4th Cir. Feb. 2, 2026)("Consequently, a summary must be objective and must not serve as an editorial for one party's case.").

In contrast to rule 1006 summary charts, the Federal Rules of Evidence allow parties to present "summary charts 'to facilitate the presentation and comprehension of evidence already in the record.'" Ortiz-Orellana, 90 F.4th at 699 (quoting United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004)).[1] The distinction between the two summaries is that an "illustrative aid" is "offered not as evidence but rather to assist the trier of fact in understanding evidence or argument." Fed. R. Evid. 107 Advisory Committee Notes on 2024 Amendment. Rule 107 now governs these illustrative materials; however, the courts "previously regulated [them] pursuant to the broad standards of Rule 611(a)." Fed. R. Evid. 107 Advisory Committee Notes on 2024 Amendment. In United States v. Renteria, 720 F.3d 1245 (10th Cir. 2013)("Renteria"), the United States Court of Appeals for the Tenth Circuit discusses two considerations admitting summary exhibits under rule 611(a). See 720 F.3d at 1253.

Tenth Circuit identifies two considerations for determining whether a summary chart is appropriate. First, the Tenth Circuit considers whether the summary chart "'aids the jury in

[1] The United States Court of Appeals for the Fourth Circuit references rule 611 of the Federal Rules of Evidence for this proposition. After Ortiz-Orellana, Congress amends rule 1006, which "now expressly distinguishes between summaries used to 'prove the content of voluminous admissible [records]' and 'illustrative aid[s],' which are instead governed by the new Rule 107, effective December 1, 2024." United States v. Mccomber, No. 24-4376, 2026 WL 266808, at *5 n.2 (4th Cir. Feb. 2, 2026)(quoting Fed. R. Evid. 1006). See United States v. Patterson, No. 23-631, 2024 WL 5252239 (9th Cir. Dec. 31, 2024)("Under new Federal Rule of Evidence 107, which took effect December 1, 2024, a 'demonstrative aid' is now called an 'illustrative aid,' the use of which is governed by Rule 107."(quoting Fed. R. Evid. 107 Advisory Committee Notes on 2024 Amendment)); cert. denied, 145 S. Ct. 2794, 222 L. Ed. 2d 1087 (2025).

ascertaining the truth,'" looking to "the length of trial, the complexity of [the] case, and the possible confusion generated by a large number of exhibits." Renteria, 720 F.3d at 1253 (quoting United States v. Ray, 370 F.3d 1039, 1046-47 (10th Cir. 2004)(alterations added by this district court), rev' and remanded on other grounds by United States v. Booker, 543 U.S. 220 (2005)). Second, the court considers the risk of prejudice, including whether the chart's preparer is available for cross-examination and whether an appropriate limiting instruction can mitigate that risk. See Renteria, 720 F.3d at 1253. Renteria illustrates both considerations. There, the Tenth Circuit concludes that the district court does not abuse its discretion by admitting charts summarizing wire transfers and incorporating dates established through prior testimony. See Renteria, 720 F.3d at 1252-53. On usefulness, the charts distill evidence from a five-week trial involving thirty witnesses, several experts, and an alleged three-year conspiracy spanning multiple locations. See Renteria, 720 F.3d at 1252. On prejudice, the agent who prepares the charts is subject to extensive cross-examination, and the charts consist "almost entirely" of summaries of record exhibits and quantities admissible under rule 1006. Renteria, 720 F.3d at 1252. The Court applies those considerations to the Exhibits here, recognizing rule 107 now governs illustrative aids.

## I. THE COURT ADMITS THE SUBSTANTIVE EXHIBITS UNDER RULE 1006.

The Court concludes the Substantive Exhibits meet rule 1006's requirements and do not create a risk of unfair prejudice against the Defendants. The Court admits Ex. 260, Ex. 261, Ex. 262, Ex. 263, Ex. 264, Ex. 265, Ex. 266, Ex. 267, and Ex. 268, because they accurately reflect the flow of money from the bank accounts without including editorial additions that could prejudice the jury. The Court discusses examples of the Substantive Exhibits below.

The Court begins with Ex. 260, titled "Robotics Deposits in xxx7636" which summarizes deposits into the Robotics account ending in xxx7636 from April 1, 2013, through July 31, 2021.

Ex. 260. The exhibit presents those deposits in a pie chart, attributing ninety-five percent to Albuquerque Public Schools, four percent to University of NM, and the remaining one percent to "Other" sources. Ex. 260. The Court concludes that the exhibit will aid the jury because, without the summary, the jury would have to review approximately eight years of bank statements, and independently calculate and categorize the deposits those records reflect. The exhibit instead distills that voluminous information into a form that the jury readily can understand. Nor does the Court identify any corresponding risk of unfair prejudice to the Defendants from the manner in which Ex. 260 presents that information. Accordingly, the Court concludes that Ex. 260 is admissible under rule 1006.

The United States titles Ex. 261: "Withdrawals from Robotics xx7636," which summarizes withdrawals from the Robotics account ending in xxx7636 from April 1, 2013, through July 31, 2021. Ex. 261. Ex. 261 divides those withdrawals into five categories but excludes withdrawals made pursuant to legal orders. See Ex. 261 ("*excluding legal order withdrawal"). As with Ex. 260, the Court concludes that the chart will aid the jury by presenting the total amounts withdrawn by each category without requiring the jury to review eight years of bank statements and independently calculate those amounts. The Court has some concern, however, that excluding withdrawals made pursuant to legal orders could distort the relative proportions the pie chart depicts. The Defendants do not contend that the exclusion is unfairly prejudicial, however, and the Defendants may explore any resulting distortion through cross-examination. On balance, Ex. 261's usefulness to the jury outweighs the potential for prejudice arising from the excluded withdrawals. Accordingly, the Court admits Ex. 261 under rule 1006.

The United States titles Ex. 263 "S. Williams and Associates Deposits into xxx0857." Ex. 263. The exhibit summarizes deposits into account xxx857 from April 1, 2013, through July 31,

2021. See Ex. 263. The pie chart attributes eighty-three percent of the deposits to "Robotics Management Learnings Systems LLC," seven percent to "Teller Transfer Unknown Account," four percent to "Bank of America Merchant Service," and the remaining six percent among several other categories, including "cash deposits," with the "other" category accounting for less than one percent. Ex. 263. As with Exhibit 260, the Court concludes that the chart will aid the jury by presenting the total deposits attributable to each category without requiring the jury to review eight years of bank statements and independently calculate those amounts. The Court also perceives no risk of unfair prejudice from the manner in which the United States categorizes or labels the deposits, and the Defendants identify no prejudice. Accordingly, the Court admits Ex. 263 under rule 1006.

The United States titles Ex. 265 "Deposits Ujima Accounts xxx7924 and xxx3724" Ex. 265. The exhibit summarizes deposits into accounts xxx7924 and xxx3724 from April 1, 2013, through July 31, 2021. See Ex. 265. The pie chart attributes eighty-six percent of the deposits to "Robotics Management Learnings Systems LLC," nine percent to "Prince George's County," and five percent to "All Others." Ex. 263. As with Exhibit 260, the Court concludes that the chart will aid the jury by presenting the total deposits, in this case "$555,598.02," attributable to each category without requiring the jury to review eight years of bank statements and independently calculate those amounts. Ex. 265. The Court also perceives no risk of unfair prejudice from the manner in which the United States categorizes or labels those deposits, and the Defendants identify no prejudice. Accordingly, the Court admits Ex. 265 under rule 1006.

The United States titles Ex. 267 "Deposits into Taste of the Caribbean Account xx3753" and the exhibit summarizes deposits into the account from October 23, 2015, through December 31, 2020. Ex. 267. The pie chart identifies Robotics Management Learning Systems, LLC as the

source of fifty-one percent of the deposits and separates the remaining forty-nine percent among nine additional categories. See Ex. 267. Although Exhibit 267 contains more categories than the other exhibits, the Court concludes that the chart will aid the jury by presenting the total deposits of "$620,711.91" over the five-year period without requiring the jury to review the underlying bank records and independently calculate those amounts. The Court also notes that the "other" category represents only two percent of the total deposits and is not materially disproportionate to the remaining categories. Ex. 267. Moreover, the Court identifies no indication that Special Agent Crystal Chavez selects these categories or arranges them for an improper editorial purpose rather than to accurately summarize the underlying transactions. Accordingly, the Court concludes that Ex. 267 presents a neutral summary of voluminous financial records and admits the exhibit under rule 1006.

The United States titles Ex. 268 "Withdrawals From Taste of the Caribbean Account xx3753," and the exhibit summarizes withdrawals from the account over the same period, October 23, 2015, through December 31, 2020. Ex. 268. The pie chart divides the withdrawals into nineteen categories, with payroll representing the largest category at twenty-three percent of the total withdrawals. See Ex. 268. Although Exhibit 268 contains more categories than the other exhibits, the Court concludes that the chart will aid the jury by presenting the total withdrawals of "$600,443.02" over the five-year period without requiring the jury to review the underlying bank records and independently calculate those amounts. Ex. 268. The Court also notes that the "other" category represents only one percent of the total withdrawals and is not disproportionate materially to the remaining categories. See Ex. 268. Moreover, the Court identifies no indication that Chavez selects or arranges the categories for an improper editorial purpose rather than to summarize accurately the underlying transactions. The number of categories does not alone transform Ex. 268

into an illustrative aid, because each category corresponds to transactions reflected in the underlying bank records. Accordingly, the Court concludes that Ex. 268 presents a neutral summary of voluminous financial records and admits the exhibit under rule 1006.

## II. <u>THE COURT DOES NOT ADMIT Ex. 269 UNDER RULE 1006</u>.

The Court concludes the Ex. 269 does not meet rule 1006's requirements and create a risk of unfair prejudice against the Defendants. The United States seeks to admit Ex. 269 under rule 1006 as substantive evidence. The Court concludes, however, that this exhibit does not satisfy rule 1006, because the graph creates concerns regarding accuracy and a risk that the jury may assign evidentiary weight to the summaries beyond what the underlying record supports. These concerns do not require exclusion of Ex. 269. Rather, because the exhibit may assist the jury in understanding the underlying financial records and testimony, the Court concludes that the United States may use it as an illustrative aid under rule 107, subject to appropriate limitations.

Looking at Ex. 269, titled "Robotics Account xx7636 Monthly Ending Balances Per Statements VS Expected Ending Balance Without Checks to Stapleton Entities." Ex. 269. The issue is whether Ex. 269 summarizes the underlying financial records or creates a hypothetical reconstruction of those records. The exhibit presents the account's actual ending balances and compares them to "expected ending balances" that purportedly reflect the account balance without Stapleton's activity. Ex. 269. Although those calculations may be based on in the underlying records, the resulting "expected ending balances" are not themselves contained in any financial document. Rule 1006 permits a party to summarize voluminous records; it does not permit a party to create a new set of hypothetical figures based on assumptions about what the records would have shown under different circumstances. Because Ex. 269 does not summarize existing financial records but instead presents a reconstructed account balance, the Court concludes that the exhibit is

not admissible as substantive evidence under rule 1006. The Court nevertheless permits the United States to use Ex. 269 as an illustrative aid under rule 107.

**IT IS ORDRED** that: (i) Ex. 260, Ex. 261, Ex. 262, Ex. 263, Ex. 264, Ex. 265, Ex. 266, Ex. 267, and Ex. 268 are admitted under rule 1006; (ii) Ex. 269 is not admitted under rule 1006; and (iii) Defendants Sheryl Williams Stapleton's and Joseph Johnson's oral objections are granted in part and denied in part.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
Acting United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Fred J. Federici, III
Frederick T. Mendenhall, III
Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Ryan J. Villa
The Law Office of Ryan J. Villa
Albuquerque, New Mexico

-- and --

Ahmad Assed
Law Office of Ahmad Assed
Albuquerque, New Mexico

*Attorneys for Defendant Sheryl Williams Stapleton*

Nicole Moss
The Law Office of Nicole W. Moss, LLC
Albuquerque, New Mexico

-- and --

Marshall J. Ray
Law Offices of Marshall J. Ray
Albuquerque, New Mexico

*Attorneys for Defendant Joseph Johnson*